DANIEL HERSHKOWITZ (NSB # 15245)
**GRAVIS LAW, PLLC**
9130 Double Diamond Pkwy, Ste. 100
Reno, Nevada 89521
Telephone: (775) 800-7624
Email: DHershkowitz@gravislaw.com

BIL G. CHILDRESS (WSBA #45203)
**GRAVIS LAW, PLLC**
1309 W. Dean Ave., Ste 100
Spokane, WA 99201
Telephone: (509) 228-3863
Email: BChildress@gravislaw.com

STEPHEN ZIMOWSKI (CBA #435451)
**GRAVIS LAW, PLLC**
503 Knight Street, Suite A
Richland, WA 99352
Telephone: (509) 380-9102
Email: SZimowski@gravislaw.com

*Attorneys for Atomic Legacy Home Health, LLC, a Nevada limited liability company; Atomic Home Health, LLC, A Washington limited liability company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NUCLEAR CARE PARTNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ATOMIC LEGACY HOME HEALTH, LLC, a Nevada limited liability company; ATOMIC HOME HEALTH, LLC, a Washington limited liability company.<br><br>Defendants. | Case No.: 2:26-cv-00640<br><br>**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

Defendants Atomic Legacy Home Health, LLC ("Atomic Legacy") and Atomic Home Health, LLC ("AHH") (collectively, "Defendants"), by and through their undersigned counsel of record, hereby move this Court for entry of an order dismissing with prejudice Plaintiff Nuclear Care Partners, LLC's ("NCP") Complaint. ECF 1 pursuant to Fed. R. Civ. P. 12(b)(6), the below Memorandum in Support of Defendants' Motion to Dismiss, the pleadings and files of record herein, and any arguments of counsel the Court may consider.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. Introduction

Plaintiff NCP's Complaint fails as a matter of law and fact to state a plausible claim of trademark/service mark infringement under both the Lanham Act and under Nevada common law. NCP fails to allege any similarities between the individual marks purportedly used by Defendants and the trademarks NCP claims to own. Indeed, the Complaint completely fails to set forth any facts that could conceivably support a finding of likelihood of confusion, failing to plausibly allege the essential elements of NCP's claims.

NCP's failure to identify, with specificity, any purported similarities between its own marks and those used by Defendants prejudices Defendants' ability to defend the action, particularly given that NCP's own purported trademarks are themselves. Omitting these differences entirely, NCP merges its asserted rights and speciously asserts Defendants' violation thereof without any factual basis. NCP's bald and formulaic recitation of the elements of its claims and reliance on wholly conclusory allegations fail to plausibly allege a likelihood of confusion or support its claims of trademark infringement.

The *Twombly/Iqbal* plausibility standard requires dismissal precisely to avoid such prejudicial outcomes, and the Complaint should be dismissed accordingly.

## II. <u>Facts</u>

Plaintiff NCP's Complaint, filed on March 6, 2026, alleges violations of 15 U.S.C. § 1114 and of Nevada common law. ECF 1, ¶¶ 71-78.

NCP's grounds for Defendants' alleged violation of 15 U.S.C. $ 1114 are not explicitly identified but presumably rely upon the following U.S. Trademark Registrations:

- Reg. No. 4,734,662 for NCP NUCLEAR CARE PARTNERS HELPING FAMILIES LIVE WELL AT HOME in design form, including a claim to the colors red, white, and black as used in the mark;
- Reg. No. 5,076,814 for NUCLEAR CARE PARTNERS in design form; and,
- Reg. No. 5,071,734 for a visual design of an atom with three electron orbits, three electrons, and replacing the typical appearance of a nucleus with the appearance of a heart containing a cross.

U.S. Trademark Reg. Nos. 4,734,662 and 5,076,814 each also incorporates the same visual design of an atom that is the subject of U.S. Trademark Reg. No. 5,071,734. ECF 1, ¶¶ 16-23.

NCP's grounds for Defendants' alleged violation of Nevada common law are likewise not explicitly identified but presumably also rely upon common law rights in the same registered marks and certain variants thereof as well as in the phrase "Atomic Health News" purportedly used as the title of "a quarterly publication" somehow associated with or connected to NCP's healthcare services. ECF 1, ¶¶ 24-30.

NCP identifies several marks Defendants purportedly use commercially in connection with Defendants' provision of its own independently provided healthcare services, incorporating the branding ATOMIC HOME HEALTH, which NCP alleges are "colorable imitations of" NCP's own purported trademarks. ECF 1, ¶¶ 34-35, 45-47, 52-53.

NCP's Complaint proceeds to summarily assert that Defendants' uses "each share similarities" with NCP's various, dissimilar marks and are thereby "likely to cause confusion, mistake, or deception among consumers." ECF 1, ¶¶ 66-67. At no point does NCP identify any asserted similarities or otherwise provide any substantive assessment or comparison of the marks or the factors upon which a likelihood of confusion may be found.

## III. <u>**Discussion**</u>

### A. <u>Legal Standard.</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires the dismissal of a complaint that fails to state a plausible claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the Lanham Act and state common law, including that of the State of Nevada, a plausible claim for trademark infringement requires a plaintiff to plead factual allegations sufficient to establish both (1) valid, enforceable trademark rights and (2) defendant's use of mark(s) that are likely to cause consumer confusion in the marketplace in violation of those established rights. *Applied Information Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007); *Caesars World, Inc. v. Milanian*, 247 F. Supp. 2d 1171, 1188 (D. Nev. 2003) (citing *General Motors Corp. v. Let's Make A Deal*, 223 F. Supp.2d 1183, 1188 (D. Nev. 2002)). The Ninth Circuit has established the following eight factors in assessing allegations of a likelihood of confusion: (1) strength of the mark(s); (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

Under the *Twombly/Iqbal* plausibility standard, it is insufficient as a matter of law to merely allege a likelihood of confusion exists; the plaintiff's burden is to plead sufficient <u>**factual**</u> allegations assessing the factors upon which likelihood of confusion may be found. *See*, *e.g.*, *Gottlieb v. Spradling*,

No. 2:25-CV-01249-JAD-EJY, 2026 WL 555405 (D. Nev. Feb. 26, 2026) (dismissing complaint where plaintiff merely concluded confusion was likely without factual analysis); *Boyajian Products, LLC v. Enby LLC*, No. 3:20-CV-01991-HZ, 2021 WL 5167285 (D. Or. Nov. 1, 2021) (finding complaint insufficient where claims were purely conclusory); *OffWhite Products, LLC v. Off-White LLC*, 480 F. Supp. 3d 558 (S.D.N.Y. 2020) (dismissing claims of trademark infringement where complaint failed to plead facts to support conclusory allegations of likelihood of confusion).

**B. NCP Fails to Provide Factual Support For Its Conclusory Allegations.**

NCP fails entirely to present any factual support for the conclusory allegations that Defendants' actions are "likely to cause confusion" in the marketplace. The Complaint instead conflates various purported trademark rights without demonstrating their validity and proceeds to baldly assert likelihood of confusion in entirely conclusory fashion. NCP's Complaint is entirely lacking in factual allegations or analysis and therefore fails to state a plausible claim for trademark infringement and should be dismissed.

*1. NCP Conflates its Purported Trademark Rights, Obfuscates the Allegations, and Fails to Present any Plausible Factual Assessment of Likelihood of Confusion.*

Plaintiff NCP asserts ownership of various trademark rights purportedly derived from independent sources, including the identification of three U.S. Trademark Registrations and the identification of purported rights in "Atomic Health News." ECF 1, ¶¶ 9-28. The trademarks Plaintiff purports to own are distinct in several respects, as the complaint itself demonstrates and acknowledges. *Id.* at ¶ 30 ("The Marks are individually, inherently distinctive marks.").

Nevertheless, NCP proceeds to conflate all purported trademarks into the coined term "Marks" in paragraph 29, thereafter referencing its purported "Marks" whenever alleging Defendants' violation thereof. *See, e.g.*, *Id.* at ¶¶ 35, 47, 53, 66-67. In so doing, NCP obfuscates the distinctions among its own purported trademarks, fails to identify any similarities between any of its dissimilar and "individually,

inherently distinctive marks" and the marks purportedly used by Defendants, and prevents the efficient and effective assessment and defense of the Complaint's allegations, both by the Defendants and by the Court.

In paragraph 35, for example, NCP fails to identify which of its purported marks is implicated and offers no factual allegations of similarities with Defendants' marks. This pattern of pleading deficiencies continues throughout the Complaint, depriving Defendants of fair notice of the claims asserted against them and leaving them unable to meaningfully respond. *See, e.g.*, ECF 1 at ¶¶ 47, 53,

The purpose of the *Twombly/Iqbal* plausibility standard is to prevent plaintiffs in federal lawsuits from engaging in "fishing expeditions" and to ensure discovery and other litigation activities can be undertaken with efficiency and focus and can be directed to plausible causes of action, an outcome that is beneficial to both parties and the Court. The failure to identify and present a plausible factual basis for a claim, as NCP has in this case, frustrates this purpose and results in the inefficient use of the Court's resources, among other lamentable effects.

NCP's Complaint is a textbook example of "a formulaic recitation of the elements of a cause of action" that warrants dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Having failed to state a plausible claim for trademark infringement and present factual allegations assessing the factors relevant to demonstrating a likelihood of confusion, including identification of similarities among its own marks and those purportedly used by Defendants, the complaint should be dismissed.

*2. NCP Fails to State a Plausible Claim for Relief Pursuant to 15 U.S.C. § 1114.*

Plaintiff NCP's first claim for relief asserts a violation of Section 32 of the Lanham Act. ECF 1 at ¶¶ 71-74. However, NCP's Lanham Act claim fails to allege facts or assess the relevant *Sleekcraft* factors supporting its assertions of likelihood of confusion. *Id.* Nor do the requisite factual allegations and assessments appear in the preceding paragraphs incorporated by reference in paragraph 71. *Id.* at ¶¶ 9-70. Instead, NCP's Lanham Act claim simply alleges that confusion is likely in entirely conclusory

fashion, failing to satisfy the *Twombly/Iqbal* plausibility standard.

As noted above, Ninth Circuit courts apply the *Sleekcraft* factors in assessing likelihood of confusion in trademark infringement actions. *Sleekcraft*, 599 F.2d at 348-49. Courts commonly rely particularly upon an assessment of the relative strength of the registered marks, similarities with the marks accused of infringement, and the manner of use accused of infringement. *Id.* at 348; *see also Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1145 (9th Cir. 2011).

At no point does NCP allege facts demonstrating the strength of its own purported trademark rights, identify factual similarities between any of its own purported trademarks and Defendants' marks, assess Defendants manner of commercial use, or present any factual allegations relevant to any of the *Sleekcraft* factors. Instead, Plaintiff asserts bald legal conclusions, such as that Defendants marks are "colorable imitations of" its own "Marks" (ECF 1 at ¶¶ 35, 47, 53), that Defendants' "trademarks each share similarities with NCP's Marks" (*Id.* at ¶ 66), and that Defendants' use of its marks "is likely to cause confusion" and creates "a strong likelihood of confusion." (*Id.*, ¶¶ 67, 73). These are precisely the type of bootstrapped conclusory allegations without factual support or analysis that fail the *Twombly/Iqbal* plausibility standard and subject a complaint to dismissal under Fed. R. Civ. P. 12(b)(6).

*3. NCP Fails to State a Plausible Claim for Relief under Nevada Common Law.*

Plaintiff NCP's second claim for relief asserts infringement of NCP's tradename/service mark rights in violation of Nevada common law. ECF 1 at ¶¶ 75-78. A claim of trademark infringement under Nevada common law requires consideration of the same elements as that of a federal trademark action under the Lanham Act. *See Caesars World, Inc. v. Milanian*, 247 F. Supp. 2d 1171, 1188 (D. Nev. 2003) (citing *General Motors Corp. v. Let's Make A Deal*, 223 F. Supp.2d 1183, 1188 (D. Nev. 2002)). NCP's state common law claim presents no additional factual allegations or analysis and so suffers from the same fatal flaws as NCP's Lanham Act claim. The conclusory allegations found throughout NCP's

Complaint cannot support a claim of trademark infringement under Nevada common law, and Plaintiff's second claim for relief should be dismissed accordingly.

*4. Plaintiff's Third "Claim for Relief" Improperly Pleads a Remedy as a Standalone Claim, and the Court Already Denied Plaintiff's Ex Parte Motion Seeking an Injunction.*

Finally, Plaintiff NCP's Complaint improperly pleads a request for injunctive relief pursuant to Section 34 of the Lanham Act as a third, independent "claim for relief." ECF 1 at ¶¶ 79-86.

This Court has consistently dismissed standalone claims for injunctive relief. *See Turf v. US Turf LLC*, No. 2:21-cv-01749-JCM-DJA, p.11 (D. Nev. Sept. 29, 2023) ("Plaintiff's final claim is for injunctive relief under the Lanham Act. Injunctive relief is not an independent, free-standing cause of action. It is a form of relief the court may grant."); *see also Bayview Loan Servicing, LLC v. Sterling at Silver Springs Homeowners Association*, No. 2:16-cv-2117-KJD-NJK, n.2 (D. Nev. March 16, 2020) (*citing* In re Wal-Mart Wage and Hour Emp't Practices Litig., 490 F.Supp 2d 1091, 1130 (D. Nev. 2007)) ("The Court dismisses [the plaintiff's] sixth claim for injunctive relief because an injunction is a remedy and not a standalone cause of action."); *Gorsline v. Nevada Department of Corrections*, No. 3:21-cv-00019-MMD-CLB, n.3 (D. Nev. 2022) (dismissing plaintiff's standalone injunctive relief claim).

Moreover, as NCP knows, the Court has already denied Plaintiff's baseless Motion for Ex Parte Temporary Restraining Order in its March 18, 2026 Minute Order. ECF 3; ECF 9. Injunctive relief is a remedy and not a standalone claim or cause of action under the Lanham Act, and the Court should accordingly dismiss NCP's third "claim for relief."

## IV. <u>Conclusion</u>

Defendants respectfully request that this Court grant its Motion to Dismiss Plaintiff's Complaint for failure to state a claim, as well as denying any relief sought by Plaintiff, pursuant to Fed. R. Civ. P. 12(b)(6).

SIGNED and DATED this 18th day of June, 2026.

**GRAVIS LAW, PLLC**

/s/ Daniel C. Hershkowitz
DANIEL C. HERSHKOWITZ
401 Double Diamond Pkwy, Ste. 100
Reno, NV 89521
(775) 800-7624
DHershkowitz@gravislaw.com

-and-

BIL G. CHILDRESS (WSBA #45203)
*Pro Hac Vice Pending*
1309 W. Dean Avenue, Suite 100
Spokane, WA 99201
(509) 228-3863
BChildress@gravislaw.com

STEPHEN S. ZIMOWSKI (CBA #435451)
*Pro Hac Vice Pending*
503 Knight Street, Suite A
Richland, WA 99352
(509) 380-9102
SZimowski@gravislaw.com

*Attorneys for Defendants, Atomic Legacy Home Health, LLC, a Nevada limited liability company; Atomic Home Health, LLC, a Washington limited liability company*

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I caused to be served a true and correct copy of **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** to the following individual(s) via the method indicated below:

| Party/Attorney | Method |
|---|---|
| ***Attorney for Plaintiff:***<br><br>BENJAMIN M. WEGENER, ESQ.<br>Colorado Bar No. 36952<br>Pro Hac Vice Pending<br>DALEN B. PORTER, ESQ.<br>Colorado Bar No. 55460<br>Pro Hac Vice Pending<br>**WEGENER LANE & EVANS, P.C.**<br>743 Horizon Court, Suite 200<br>Grand Junction, Colorado 81506<br>Tel: (970) 242-2645<br>ben@wlelegal.com<br>dalen@wlelegal.com<br>*Attorneys for Plaintiff*<br><br>ERIC K. STRYKER, ESQ.<br>Nevada Bar No. 5793<br>JAMES V. LOVETT, ESQ.<br>Nevada Bar No. 16103<br>**FREEMAN MATHIS & GARY, LLP**<br>770 E. Warm Springs Road, Suite 360<br>Las Vegas, Nevada 89119<br>Tel.: (725) 258-7360<br>Fax: (833) 336-2131<br>Eric.Stryker@fmglaw.com<br>James.Lovett@fmglaw.com | ☐ Hand Delivery<br>☐ U.S. Mail postage prepaid<br>☐ Overnight Mail<br>☐ Fax Transmission<br>X Electronically via CM/ECF |

**GRAVIS LAW, PLLC**

*/s/ Daniel C. Hershkowitz*
Daniel C. Hershkowitz
Nevada Bar No. 15245