DANIEL HERSHKOWITZ (NSB # 15245)
**GRAVIS LAW, PLLC**
9130 Double Diamond Pkwy, Ste.100
Reno, Nevada 89521
Telephone: (775) 800-7624
Email: DHershkowitz@gravislaw.com

BIL G. CHILDRESS (WSBA #45203)
**GRAVIS LAW, PLLC**
1309 W. Dean Ave., Ste 100
Spokane, WA 99201
Telephone: (509) 228-3863
Email: BChildress@gravislaw.com

STEPHEN S. ZIMOWSKI (CBA #435451)
**GRAVIS LAW, PLLC**
503 Knight Street, Suite A
Richland, WA 99352
Telephone: (509) 380-9102
Email: SZimowski@gravislaw.com

*Attorneys for Atomic Home Health, LLC,*
*a Washington limited liability company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NUCLEAR CARE PARTNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ATOMIC LEGACY HOME HEALTH, LLC, a Nevada limited liability company; ATOMIC HOME HEALTH, LLC, a Washington limited liability company.<br><br>Defendants. | Case No.: 2:26-cv-00640<br><br>**ATOMIC HOME HEALTH'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Defendant Atomic Home Health, LLC ("Atomic Home Health"), by and through its undersigned counsel, respectfully moves this Court under Federal Rule of Civil Procedure 12(b)(2) and Local Rule 7-2 for an order dismissing all claims asserted against it by Plaintiff Nuclear Care Partners, LLC ("NCP") for lack of personal jurisdiction. This Motion is supported by the following

Memorandum in Support, the pleadings and files of record, and any arguments of counsel the Court may consider.

**MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

Atomic Home Health is a Washington limited liability company, domiciled in Washington, with its principal place of business in Richland, Washington. It was formed under Washington law, operates exclusively in Washington, and markets and delivers its home-health services exclusively to beneficiaries residing in Washington. Atomic Home Health has no office, no operations, and no presence in Nevada. NCP's decision to sue Atomic Home Health in Nevada cannot manufacture the constitutionally required connection between this forum and a Washington company that does not do business in Nevada.

Because Atomic Home Health has no general connection to Nevada and has not engaged in relevant conduct in Nevada, this Court lacks personal jurisdiction over it. NCP, which bears the burden of establishing jurisdiction, cannot carry that burden, and Atomic Home Health respectfully requests that the Court dismiss the claims against it. To the extent legitimate at all, NCP’s Nevada-based claims must be brought exclusively against the separately organized and independent Nevada entity, Atomic Legacy Home Health, LLC, and not against Atomic Home Health.

## II. STATEMENT OF RELEVANT FACTS

NCP, a Nevada limited liability company, filed this action on March 6, 2026, asserting trademark-infringement claims against two independent entities: Atomic Legacy Home Health, LLC ("Atomic Legacy"), organized in and registered with the State of Nevada; and movant Atomic Home Health, organized in and registered with the State of Washington. (ECF 1, ¶¶ 1-3; Defendant Atomic Home Health, LLC’s Answer and Counterclaim (hereinafter, “Answer”), ¶¶ 2-3.) Atomic Home Health markets and provides its services exclusively in the State of Washington. (ECF 1, ¶¶ 32-34, 42-46; Answer, ¶¶ 32-34, 42-46.) Atomic Home Health and Atomic Legacy are distinct entities organized under the laws of different states, and Atomic Home Health does not and has never done business in Nevada. (*Id.*)

## III. LEGAL STANDARD

"Where a defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is proper." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) The plaintiff must "make a prima facie showing of jurisdictional facts" and may not rest on the bare allegations of its complaint" particularly where controverted. *Id.*; *see also Angel Prods. Worldwide, Inc. v. Airstage by Effeckt-Technik, GmbH*, 426 F. Supp. 3d 630, 633 (D. Nev. 2019).

Because no federal statute governs personal jurisdiction over NCP's trademark claims, the Court applies Nevada law. *Id.* at 800-01. Nevada's long-arm statute authorizes jurisdiction "on any basis not inconsistent with" the Nevada or United States Constitution, Nev. Rev. Stat. Ann § 14.065, so the state-law and federal due-process inquiries merge into a single question: whether Atomic Home Health has sufficient minimum contacts with Nevada that exercising jurisdiction comports with due process. *Schwarzenegger*, 374 F.3d at 800–01; *Airstage*, 426 F. Supp. 3d at 633. Due process recognizes two forms of personal jurisdiction, general and specific. *Airstage*, 426 F. Supp. 3d at 633.

## IV. ARGUMENT

### A. The Nevada Courts Lack General Jurisdiction Over Atomic Home Health

General jurisdiction exists only where a defendant's affiliations with the forum are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (citations and internal quotations omitted). For a business entity, the paradigmatic locations where general jurisdiction is appropriate . . . are its [state] of incorporation and its principal place of business," and "only in an 'exceptional case' will general jurisdiction be available" elsewhere. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). Even substantial, continuous forum contacts do not create general jurisdiction where the forum is neither the company's place of organization nor its principal place of business. *Id.*

Atomic Home Health is organized under Washington law and maintains its principal place of business in Richland, Washington. (ECF 1, ¶¶ 32-34, 36; Answer, ¶¶ 32-34, 36.) Atomic Home

Health is not incorporated in Nevada, does not have its principal place of business in Nevada, and has no offices, staff, registration, or continuous and systematic operations in Nevada. (ECF 1, ¶¶ 32-34, 36, 42-46; Answer, ¶¶ 32-34, 36, 42-46; Counterclaims, ¶¶ 5, 10, 44-46.); *Airstage*, 426 F. Supp. 3d at 634.

**B. The Court Lacks Specific Jurisdiction Because Atomic Home Health Directed No Relevant Conduct at Nevada**

Specific jurisdiction requires satisfaction of the Ninth Circuit's three-part test: (1) the defendant must purposefully direct its activities at, or purposefully avail itself of, the forum state; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Schwarzenegger*, 374 F.3d at 801–02; *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017). The plaintiff bears the burden to support the first two prongs with prima facie evidence, and failure to establish either defeats jurisdiction. *Schwarzenegger*, 374 F.3d at 801–02

*1. Atomic Home Health Did Not Engage in any Conduct in Nevada*

To satisfy the first prong of the Ninth Circuit's three-part test, Atomic Home Health must have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm [it] knows is likely to be suffered there. *Axiom Foods*, 874 F.3d at 1068–69 (citing *Calder v. Jones*, 465 U.S. 783 (1984)). The inquiry should focus on the defendant's contacts with the forum State itself; an out-of-forum defendant that conducts no business in the forum, and whose suit-related conduct creates no substantial connection with the forum, is not subject to specific jurisdiction. *Id.* at 1070-71.

NCP's allegations center on Atomic Home Health's use of its names, logos, and marks, conduct that occurs exclusively in Washington. (ECF 1, ¶¶ 32-34; Answer, ¶¶ 32-34.) The activities NCP attributes to Atomic Home Health in the Complaint, in large part, are inaccurate. (*See* ECF 1, ¶¶ 32-34, 36; Answer, ¶¶ 32-34, 36; Counterclaims, ¶¶ 5, 10, 44-46.) Among those alleged activities Atomic Home Health has engaged in, all are exclusively directed to Atomic Home Health's business operations in the State of Washington (ECF 1, ¶¶ 32-34; Answer, ¶¶ 32-

34; Counterclaims, ¶¶ 5, 10, 44-46.). Notably, to the extent NCP would rely on the accessibility of Atomic Home Health's website to Nevada-based users, the Ninth Circuit requires "something more" than operating a website accessible in the forum—there must be conduct directly targeting the forum, such as “running a website that appeals to, *and profits from*, an audience in the forum.” *Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953, 959 (N.D. Cal. 2012) (emphasis in original).

Atomic Home Health does not direct its website to Nevada-based customers and does not provide services in Nevada, so even if a Nevada-based user sought Atomic Home Health’s services, Atomic Home Health would be unable to provide or *profit from* such inquiry. *Id.*

*2. NCP's Claims do not Arise out of any Nevada-Connected Activity Engaged in by Atomic Home Health.*

Even if Atomic Home Health had some minimal contacts with Nevada, which it does not, NCP's claims must arise out of or relate to that contact to satisfy the personal jurisdiction requirements. *Schwarzenegger*, 374 F.3d at 801–02. NCP's infringement claims arise from Atomic Home Health's use of its name, logos, branding, and marks, which Atomic Home Health uses exclusively in Washington. (ECF 1, ¶¶ 32-34, 36, 42-46; Answer, ¶¶ 32-34, 36, 42-46; Counterclaims, ¶¶ 5, 10, 44-46.) Because the claims do not arise from Nevada-directed conduct, the second prong independently defeats specific jurisdiction.

**C. Atomic Legacy's Nevada Presence and the Parties' Common Ownership Cannot Supply Jurisdiction Over Atomic Home Health.**

Personal jurisdiction must be established as to each defendant individually. *Schwarzenegger*, 374 F.3d at 801–02. That Atomic Legacy, an independent Nevada-based limited liability company, is subject to the Court’s jurisdiction does not subject Atomic Home Health thereto. *Id.* Common ownership of the two companies does not merge them for jurisdictional purposes, and NCP has pleaded no alter-ego or agency theory that would allow Atomic Legacy's contacts to be imputed to Atomic Home Health. *Ranza v. Nike*, 793 F.3d at 1070-71.

Nor does the existence of a separately filed, and now-revoked, Nevada entity registration bearing the "Atomic Home Health" name confer jurisdiction over the Washington entity named in the complaint, whether or not that now-debunked entity also shared common ownership with

Atomic Home Health. As said, an independently-registered entity cannot provide for general jurisdiction over Atomic Home Health, and Atomic Home Health has engaged in no specific activities in the State giving rise to this action. (ECF 1, ¶¶ 42-46; Answer, ¶¶ 42-46.) The jurisdictional analysis turns on the activities of Atomic Home Health, the Washington entity, in the State of Nevada, for which there are none. *Axiom Foods*, 874 F.3d at 1069–70.

## V. CONCLUSION

For the foregoing reasons, Atomic Home Health respectfully requests that the Court dismiss all claims asserted against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

SIGNED and DATED this 11th day of November 2026.

**GRAVIS LAW, PLLC**

*/s/ Daniel C. Hershkowitz*
DANIEL C. HERSHKOWITZ (NSD #15245)
9130 Double Diamond Pkwy, Ste. 100
Reno, Nevada 89521
(775) 800-7624
DHershkowitz@gravislaw.com

-and-

BIL G. CHILDRESS (WSBA #45203)
**GRAVIS LAW, PLLC**
1309 W. Dean Ave., Ste. 100
Spokane WA 99201
(509) 228-3863
BChildress@gravislaw.com

STEPHEN S. ZIMOWSKI (CBA #435451)
**GRAVIS LAW, PLLC**
503 Knight Street, Suite A
Richland, WA 99352
Telephone: (509) 380-9102
Email: SZimowski@gravislaw.com

*Attorneys for Atomic Home Health, LLC, a Washington limited liability company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2026, I caused to be served a true and correct copy of **ATOMIC HOME HEALTH'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** to the following individual(s) via the method indicated below:

| Party/Attorney | Method |
|---|---|
| ***Attorney for Plaintiff:***<br><br>BENJAMIN M. WEGENER, ESQ.<br>Colorado Bar No. 36952<br>Pro Hac Vice<br>DALEN B. PORTER, ESQ.<br>Colorado Bar No. 55460<br>Pro Hac Vice<br>**WEGENER LANE & EVANS, P.C.**<br>743 Horizon Court, Suite 200<br>Grand Junction, Colorado 81506<br>Tel: (970) 242-2645<br>ben@wlelegal.com<br>dalen@wlelegal.com<br>*Attorneys for Plaintiff*<br><br>ERIC K. STRYKER, ESQ.<br>Nevada Bar No. 5793<br>**FREEMAN MATHIS & GARY, LLP**<br>770 E. Warm Springs Road, Suite 360<br>Las Vegas, Nevada 89119<br>Tel.: (725) 258-7360<br>Fax: (833) 336-2131<br>Eric.Stryker@fmglaw.com | ☐ Hand Delivery<br>☐ U.S. Mail postage prepaid<br>☐ Overnight Mail<br>☐ Fax Transmission<br>X Electronically via CM/ECF |

**GRAVIS LAW, PLLC**

*/s/ Daniel C. Hershkowitz*
Daniel C. Hershkowitz
Nevada Bar No. 15245