ERIC K. STRYKER, ESQ.
Nevada Bar No. 5793
MICHAEL J. SPARR, ESQ.
Nevada Bar No. 16452
**FREEMAN MATHIS & GARY, LLP**
770 E. Warm Springs Road, Suite 360
Las Vegas, Nevada 89119
Tel.: (725) 258-7360
Fax: (833) 336-2131
Eric.Stryker@fmglaw.com
Michael.Sparr@fmglaw.com

BENJAMIN M. WEGENER, ESQ.
Colorado Bar No. 36952
*Pro Hac Vice Admission*
DALEN B. PORTER, ESQ.
Colorado Bar No. 55460
*Pro Hac Vice Admission*
**WEGENER LANE & EVANS, P.C.**
760 Horizon Drive, Suite 101
Grand Junction, Colorado 81506
Tel: (970) 242-2645
ben@wlelegal.com
dalen@wlelegal.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NUCLEAR CARE PARTNERS, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ATOMIC LEGACY HOME HEALTH, LLC, a Nevada limited liability company; ATOMIC HOME HEALTH, LLC, a Washington limited liability company.<br><br>Defendants. | Case No.: 2:26-cv-00640-JAD-DJA<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT ATOMIC HOME HEALTH, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Plaintiff Nuclear Care Partners, LLC (hereinafter "Plaintiff"), by and through its undersigned attorneys, submits the following as its Response to Defendant Atomic Home Health, LLC's Motion to Dismiss for Lack of Personal Jurisdiction:

**RESPONSE TO DEFENDANT ATOMIC HOME HEALTH, LLC'S' MOTION TO DISMISS**

**INTRODUCTION/BACKGROUND**

Plaintiff initiated this action against Defendant Atomic Home Health, LLC (hereinafter "Defendant AHH") and Defendant Atomic Legacy Home Health, LLC (hereinafter "Defendant ALHH") (hereinafter collectively the "Defendants"), due to Defendants' continuing refusals to stop infringing on Plaintiff's registered and unregistered service marks through Defendants' use of their respective design marks and word marks with a likelihood of confusion among consumers. Plaintiff has brought claims against the Defendants for trademark infringement under federal law/the Lanham Act, trademark infringement under Nevada law, and preliminary and permanent injunctions. Due to multiple unsuccessful attempts to serve the Defendants in Nevada, Plaintiff served its Complaint on the Defendants in the State of Washington by serving their manager, Mr. Stephen Wendt. [ECF Doc. 18].

Plaintiff and Defendants offer and advertise home healthcare services exclusively towards beneficiaries of the Energy Employees Occupational Illness Compensation Program Act (hereinafter "EEOICPA"), *i.e.*, former Department of Energy workers and other medical beneficiaries. Exhibit 1, ¶ 11; [ECF Docs. 50 & 53, p. 5, ¶ 33; p. 7, ¶ 49]. Plaintiff primarily markets its services under the federally registered wordmark, "Nuclear Care Partners", along with various federally registered design marks that include a unique design of an atomic nucleus. Exhibit 1, ¶ 5. In addition, Plaintiff markets and advertises its services under the wordmark, "Atomic Health News," and a corresponding design mark that includes a unique design of an atomic nucleus. *Id.* at 6-7. Atomic Health News is a marketing program and public publication that has been used by Plaintiff for years to market/advertise

its home healthcare services to prospective patients. *Id.* It is also used in connection with Plaintiff's provision of its services as it is provided to current patients as well, and as such, the marks are used to enhance patient/customer engagement and brand loyalty too. *Id.* Plaintiff has been using its registered and unregistered service marks for years before either of the Defendants started in the industry.

Specifically, after forming its business in Nevada in 2011, Plaintiff began operating as an in-home nursing and home health care service provider for EEOICPA beneficiaries. *Id.* at ¶¶ 4; 11. Beginning in 2011, Plaintiff has been using its "Nuclear Care Partners" wordmark and design marks in connection with its business and services in Nevada and other states, all of which are federally registered marks now. *Id.* at ¶ 5. In April 2016, Plaintiff began using its unregistered "Atomic Health News" word mark and corresponding design mark in Nevada and other states of operation. *Id.* at ¶ 6. Plaintiff started offering its services and using its registered marks in the State of Washington in 2016, and Plaintiff has been using its unregistered "Atomic Health News" marks there since July 2017. *Id.* at ¶¶ 8-9.

Meanwhile, Defendant AHH only started operating its business and using its infringing design mark and wordmark, "Atomic Home Health", in the State of Washington since 2019. *Id.* at ¶ 15. In 2022, after Plaintiff discovered that Defendant AHH was infringing on its registered and unregistered marks in Washington, Plaintiff sent Defendant AHH written notice, through counsel, demanding that Defendant AHH cease and desist using its infringing marks. *Id.* at ¶ 17. In response, Defendant AHH disputed that it was infringing on Plaintiff's marks and refused to comply with Plaintiff's demand. *Id.* at ¶ 18.

Nevertheless, before Defendant AHH responded to Plaintiff's cease and desist notice in 2022, Defendant AHH's manager, Mr. Wendt, registered other similar entity names in Washington. *Id.* at ¶ 19. Then, on June 2, 2024, Defendant AHH's manager registered Defendant AHH as a business in

Nevada. *Id.* at ¶ 22. Four days later, Defendant AHH's manager registered Defendant ALHH as a business in Nevada. *Id.* at ¶ 23. Mr. Wendt listed the same principal office address for Defendant AHH and Defendant ALHH on their articles of organization filed with the Nevada Secretary of State, which is an office located in Las Vegas, Nevada. *Id.* at ¶¶ 22-23. Mr. Wendt was listed as the sole manager of Defendant AHH in Nevada, and he and his wife, Kristin Wendt, were listed as the managing members of Defendant ALHH. *Id.*

At the time of Defendants' Nevada business registrations, Defendants knew that Plaintiff operated its business and used its marks in Nevada, which Plaintiff previously claimed to Defendant AHH that it was infringing upon. *Id.* at ¶¶ 17-18; 25. Thereafter, Defendant ALHH used a different word mark and design mark in connection with its business in Nevada that share similarities with both Plaintiff's and Defendant AHH's respective marks. However, Defendant AHH still purposefully directs its tortious conduct, *i.e.*, trademark infringement, towards Nevada through Defendant ALHH as they share common ownership and management, including through Defendant ALHH's Facebook post published on August 26, 2026. *Id.* at ¶¶ 26-29; Exhibit 2. Consequently, and as further reasoned below, Defendant AHH has sufficient minimum contacts with Nevada for this Court to assert specific personal jurisdiction over it.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(2), the determination that personal jurisdiction can be exercised over a defendant is a question of law. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Where there is no applicable federal statute governing personal jurisdiction, the district court is to apply the law of the forum state to determine personal jurisdiction. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025). Although the plaintiff "bears the burden of establishing that jurisdiction exists….the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss" where the motion is based only on written

materials without a evidentiary hearing. *Rio*, 284 F.3d at 1019. When "determining whether [the plaintiff] has met this burden, uncontroverted allegations in [the] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Id.*

## ARGUMENT

### I. This Court has specific personal jurisdiction over Defendant Atomic Home Health, LLC.

Contrary to Defendant AHH's contentions, it has subjected itself to personal jurisdiction in this District, *i.e.*, the State and District of Nevada, through its purposeful availment and intentional tortious acts aimed at Nevada intended to harm Plaintiff in Nevada through Defendant AHH's trademark infringement. In this regard, since there is no applicable federal statute conferring personal jurisdiction here, Nevada law applies. To establish that personal jurisdiction over Defendant AHH is proper under Nevada law, Plaintiff needs to show: (1) that Nevada's long-arm statute confers personal jurisdiction over Defendant AHH; and (2) that the exercise of jurisdiction comports with the constitutional principles of due process. *Id.* Since " Nevada's long-arm statute permits the exercise of jurisdiction to the same extent as the Constitution[,]" the Nevada statute confers personal jurisdiction over Defendant AHH, thereby satisfying the first requirement above. *Id.*; NEV. REV. STAT. § 14.065(1).

Also, the second requirement for personal jurisdiction has been met as to Defendant AHH as it comports with the constitutional principles of due process. To satisfy the second requirement above, Plaintiff must show that Defendant AHH has had minimum contacts with Nevada "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Minimum contacts may give rise to either general jurisdiction or specific jurisdiction." *Sessa v. Ancestry.com Operations Inc.*, 713 F.Supp.3d 997, 1004 (D. Nev. Jan. 17, 2024). Specific jurisdiction exists where the plaintiff's claims arise out of or relate to

the defendant's contacts with the forum, even if those contacts are isolated and sporadic. *Id.* Therefore, in considering minimum contacts, the analysis is case-specific as courts are to "focus on 'the relationship among the defendant, the forum, and the litigation.'" *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025) (quoting *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014)).

Under Nevada law, courts employ the following three-prong test to determine whether specific personal jurisdiction exists:

> (1) The non-resident defendant must (a) purposefully direct his activities or consummate some transaction with the forum or resident thereof; or (b) perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Sessa*, 713 F.Supp.3d at 1004 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

If Plaintiff makes a prima facie showing of the first two prongs above, then the burden shifts to Defendant AHH to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Briskin*, 135 F.4th at 750 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). As further detailed below, the first prong is met here because Defendant AHH performed acts that purposefully availed itself of the privileges of conducting business activities in Nevada, and it purposefully directed its tortious activities towards Nevada. Further, as Plaintiff's claims of trademark infringement arise out of or relate to Defendant AHH's Nevada-related activities, the second prong is also met here.

In this regard, Defendant AHH purposefully availed itself of the privilege of conducting business activities in Nevada through its registration as a Nevada business entity with the Nevada Secretary of State, which was filed by Defendant AHH's manager, Stephen Wendt. Exhibit 1, ¶ 22; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Thus, this Court has

specific personal jurisdiction over Defendant AHH as it had incorporated its business in Nevada, availing itself of the benefits and privileges of the forum state. *See* NEV. REV. STAT. §§ 14.020; 14.065; *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). Of note, the fact that Defendant AHH's business registration in Nevada was later revoked does not mean that it cannot be subject to legal process and personal jurisdiction in Nevada. NEV. REV. STAT. § 14.020(2); NEV. REV. STAT. § 14.065. Accordingly, Defendant AHH has purposefully availed itself of the privilege of conducting business activities in the forum state of Nevada due to the Nevada business registration of Atomic Home Health, LLC. *Schwarzenegger*, 374 F.3d at 802.

Not only does Defendant AHH's Nevada business registration establish purposeful availment, but also, that Defendant AHH purposefully directed its tortious activities, *i.e.*, trademark infringement, towards Nevada. *Id.* Under a purposeful direction analysis, Defendant AHH must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that [it] knows is likely to be suffered in the forum state." *Id.* at 803. Defendant AHH's manager intentionally registered the business in Nevada on June 2, 2024, after receiving notice from Plaintiff that it was infringing on Plaintiff's marks, including its use of the "Atomic Home Health" wordmark. Exhibit 1, ¶¶ 17-18; 22; 25. Thus, not only was this intentional act expressly aimed at Nevada but it also caused the harm Plaintiff alleges to have suffered through trademark infringement, which Defendant AHH knew would likely be suffered by Plaintiff in Nevada as it knew Plaintiff used its registered and unregistered marks there. *Id.*; *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1077 (9th Cir. 2011) (finding that defendant expressly aimed its conduct at the forum state because it was alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knew to be a resident of the forum state).

In addition, "a company's internet activity may subject the company to specific personal jurisdiction in a given forum if the company 'knows—either actually or constructively' about its customer base there and 'exploits that base for commercial gain.'" *Briskin v. Shopify, Inc.*, 135 F.4th

739, 757 (9th Cir. 2025) (quoting *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 P.3d 1218, 1230 (9th Cir. 2011)). This is exactly what Defendant AHH has done, including through the Facebook posts published on August 25th and 26th of this year. *See* Exhibit 1, ¶¶ 26-29].

Although personal jurisdiction as to Defendant AHH typically depends on Defendant AHH's actions, and common ownership between the Defendants is not a standalone basis to subject Defendant AHH to personal jurisdiction in Nevada, Defendant AHH's business structure and management should be taken into account when considering whether Defendant AHH has sufficient minimum contacts with Nevada. *See Will Co., Ltd. v. Lee*, 47 F.4th 917 (9th Cir. 2022) (relying on the nature of the defendant's business structure to hold that specific personal jurisdiction existed); *see also Briskin v. Shopify, Inc.*, 135 F.4th 739, 754-55 (9th Cir. 2025). This is because Defendant AHH and Defendant ALHH share the same managing member, Mr. Stephen Wendt, who is the chief operating officer of both entities and the "individual principally responsible for the day-to-day operations of both Defendants." [ECF Doc. 34, ¶ 1]; Exhibit 1, ¶¶ 15-16. Thus, any Nevada activities conducted by Defendant ALHH could be viewed as activities conducted by Defendant AHH as both entities are controlled and directed by Mr. Wendt.

Even though Defendant ALHH was the entity that actually published Defendant AHH's advertisement on Facebook that included Defendant AHH's infringing marks, Defendant AHH intentionally and purposefully provided Defendant ALHH with Defendant AHH's infringing marketing material at the direction of their common manager, Mr. Wendt, who further directed Defendant ALHH to publish Defendant AHH's infringing advertisement directed at their customer base in Nevada. *See* Exhibit 1, ¶¶ 15-16; 26-29. This intentional conduct committed by Defendant AHH was purposefully directed at Nevada for Defendant AHH and Defendant ALHH's commercial gain. *See id.*

This is because Defendant ALHH promoted its business directly through the use of Defendant AHH's marks and its August 25th advertisement by stating that it is associated with Defendant AHH

as its sister company that presumably won an award in the Tri-Cities, Washington area for providing the best home healthcare. *See id.* at ¶¶ 27-28. At the same time, Defendant AHH used Defendant ALHH's public platform on Facebook to convey the quality of its home health care services to its known customer base in Nevada to exploit that customer base, including current Nevada patients of Defendant ALHH's looking to relocate to the State of Washington. *See id.* at ¶¶ 26-29. As a result, Defendant ALHH's actions in conveying Defendant AHH's marketing messages to the public and EEOICPA beneficiaries in Nevada, such as through the August 26th Facebook post, should be taken into account as well.

The August 26th Facebook post shows that Defendant AHH is intentionally aiming its marketing efforts towards Nevada through Defendant ALHH by way of Defendants' common management and ownership. *See* Exhibit 1, ¶¶ 15-16; 24-29. Although the August 2026 Facebook posts made by Defendant AHH and Defendant ALHH could be seen by residents in any state, differential targeting or treatment of the forum state by Defendant AHH is not required for a finding of express aiming of Defendant AHH's tortious conduct towards Nevada. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 758 (9th Cir. 2025). Moreover, these August Facebook posts published by the Defendants are the exact type of tortious conduct that is causing Plaintiff harm in Nevada and Washington, which Defendant AHH knew Plaintiff would likely suffer. *Id.* at 25-29. Due to the foregoing, the first prong of the specific personal jurisdiction test has been established by Plaintiff.

Likewise, the second prong of the test has also been established by Plaintiff because these Nevada-related activities all relate to Plaintiff's claims for trademark infringement against the Defendants. Plaintiff is alleging that Defendants are causing harm to its reputation and goodwill associated with its marks and business in both Nevada and Washington, which includes harm caused by the use of Defendant AHH's wordmark, "Atomic Home Health", which it had registered in Nevada. *Id.* at ¶ 22. Furthermore, the Facebook posts made in August of this year show that both Defendant

AHH's marks and Defendant ALHH's marks are being used in Nevada to create more confusion between Defendants' marks and Plaintiff's marks amongst EEOICPA beneficiaries through Defendants' use of multiple marks that are similar to Plaintiff's marks. Therefore, Plaintiff has made a prima facie showing of jurisdictional facts sufficient to establish specific personal jurisdiction over Defendant AHH in this matter involving trademark infringement.

As such, Defendant AHH must make a compelling case that subjecting it to personal jurisdiction in this Court would be unreasonable. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025) However, subjecting Defendant AHH to personal jurisdiction would not be unreasonable due to the foregoing facts and circumstances presented, and the fact that both Defendants have asserted counterclaims against Plaintiff in this matter. [ECF Docs. 50, 51, & 53]. Accordingly, this Court can assert personal jurisdiction over Defendant AHH.

WHEREFORE, Plaintiff Nuclear Care Partners, LLC respectfully requests that the Court deny Defendant Atomic Home Health, LLC's Motion to Dismiss for Lack of Personal Jurisdiction [ECF Doc. 52], and to allow this matter to proceed accordingly.

Respectfully Submitted on this 25th day of November, 2026.

**FREEMAN MATHIS & GARY, LLP**

Eric K. Stryker, Esq.
Nevada Bar No. 5793
Michael J. Sparr, Esq.
Nevada Bar No. 16452
770 E. Warm Springs Rd., Ste. 360
Las Vegas, Nevada 89119

**WEGENER LANE & EVANS, P.C.**

*/s/ Dalen B. Porter*
Benjamin M. Wegener, Esq.
Colorado Bar No. 36952
*Pro Hac Vice Admission*
Dalen B. Porter, Esq.
Colorado Bar No. 55460
*Pro Hac Vice Admission*
760 Horizon Drive, Suite 101
Grand Junction, Colorado 81506
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT ATOMIC HOME HEALTH, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** was served on this 25th day of November, 2026, via electronic service through CM/ECF upon the following counsel of record in this matter:

Daniel Hershkowitz
Bil G. Childress
Stephen Zimowski
GRAVIS LAW, PLLC
dhershkowitz@gravislaw.com
bchildress@gravislaw.com
szimowski@gravislaw.com
*Attorneys for Defendants*

Eric Stryker
Michael Sparr
FREEMAN MATHIS & GARY, LLP
Eric.Stryker@fmglaw.com
Michael.Sparr@fmglaw.com
*Attorney for Plaintiff*

*/s/ Dalen B. Porter*
Dalen B. Porter, Esq.
*Attorney for Plaintiff*